[S. F. No. 585.   Department Two.—September 4, 1897.]

SAMUEL DAVIS, Respondent, v. PACIFIC IMPROVEMENT CO. et al., Defendants.   GEORGE T. LAWRENCE et al., Appellants.

PARTITION—PROOF OF TITLE—SHERIFF'S DEED TO COMMON GRANTOR—SUFFICIENCY OF DESCRIPTION—REVIEW UPON APPEAL.—In an action of partition, where all of the parties who set up any title base their rights under conveyances from a common grantor, the sufficiency of the description, or validity of a sheriff's deed to such common grantor, need not be determined upon appeal, as, if such common grantor had no title, appellants have no interest in the premises involved, and are not concerned in the judgment.

ID.—PROOF OF DELIVERY OF DEED—AUTHENTICATED COPY OF RECORD.—In the absence of contrary proof, an authenticated copy of the record of a deed is sufficient proof to establish the fact of its delivery.

ID.—EXCLUSION OF SECOND DEED FROM COMMON GRANTOR—HARMLESS RULING. Where a first deed from a common grantor of appellants and respondents was received in evidence in support of the title of respondents, and a second deed from the same grantor, which was subsequently executed, and which, if admitted, would be worthless, and could not change the aspects of the case, there being no evidence to show the invalidity of the first deed, was excluded from evidence as being incompetent, irrelevant, and immaterial, and for the reason that it appeared that the grantor had no title at its date, he having before that parted with his title under the first deed, such exclusion is not prejudicial or reversible error.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Frank Sullivan, Ryland B. Wallace, T. M. Osmont, Garber, Boalt & Bishop, L. M. Hoefler, S. M. Shortridge, and George E. Lawrence, for Appellants.

In partition suits each party must rely upon his own title, and if the plaintiff fails to make out a sufficient case, the court must grant a nonsuit and dismiss the action.   (*Ripple v. Gilborn*, 8 How. Pr. 456; *Porter v. Lee*, 6 How. Pr. 491; *Hamilton v. Morris*, 7 Paige, 39; *Larkin v. Mann*, 2 Paige, 27; *Griggs v.*

*Peckham*, 3 Wend. 436.) The burden is on the plaintiff to prove that he has an interest in the land of which he asks partition. (*Gilman v. Stetson*, 16 Me. 124; 5 Wait's Actions and Defenses, 97; Code Civ. Proc., secs. 1869, 1961.) The description in the sheriff's deed under which plaintiff claimed title was too vague and uncertain to identify the property, and no title passed thereunder. (*Throckmorton v. Moon*, 10 Ohio, 42; *McGary v. Dunn*, 1 La. Ann. 338; *Jackson v. Rosevelt*, 13 Johns· 97; *Clemens v. Rannels*, 34 Mo. 579; 6 Wait's Actions and Defenses, 744; *People v. Klumpke*, 41 Cal. 263; *Tryon v. Huntoon*, 67 Cal. 325; *Caldwell v. Center*, 30 Cal. 539; 89 Am. Dec. 131; *Cadwalader v. Nash*, 73 Cal. 46; *Keane v. Cannovan*, 21 Cal. 291; 82 Am. Dec. 738; *Brandon v. Leddy*, 67 Cal. 43; *Mesick v. Sunderland*, 6 Cal. 297; *Sneed v. Woodward*, 30 Cal. 430; *Dickens v. Barnes*, 79 N. C. 490.) Delivery is absolutely essential to pass title. The legal presumption of the delivery of a deed arises from the signing and acknowledgment. The party claiming under it must prove its delivery. Recording is not delivery. (*Barr v. Schroeder*, 32 Cal. 609; *Boyd v. Slayback*, 63 Cal. 493; *Fitch v. Bunch*, 30 Cal. 208; *Hibberd v. Smith*, 67 Cal. 547; 56 Am. Rep. 726; *Bank v. Bailhache*, 65 Cal. 327; *Harris v. Harris*, 59 Cal. 620; *Ward v. Dougherty*, 75 Cal. 240; 7 Am. St. Rep. 151.) A deed does not become effective unless a delivery is made with the assent of the grantor. (*Black v. Sharkey*, 104 Cal. 280; *Gould v. Wise*, 97 Cal. 532; *Dean v. Parker*, 88 Cal. 283; *Bury v. Young*, 98 Cal. 446; 35 Am. St. Rep. 186; *Ord v. Ord*, 99 Cal. 525, 526.) The presumption of delivery is not conclusive and may be overcome by evidence or counter-presumption arising from the circumstances in proof. (Code Civ. Proc., sec. 1961.) In view of the fact that Hodgdon allowed Rising to make a second deed, and allowed the grantees under the second deed to pay all taxes on the premises for thirty-eight years, the presumption of delivery to Hodgdon is overcome by the counter-presumptions that Rising was innocent of crime in making the second deed, and that those exercising ownership were the owners of the property. (*Knolls v. Barnhart*, 71 N. Y. 474.) The presumption of innocence outweighs the other presumption and must in all cases prevail. (*Case v. Case*, 17 Cal. 600; *People v. Anderson*, 26 Cal. 133; *People v.*

*Beevers*, 992 Cal. 89; *Kilburn v. Kilburn,* 89 Cal. 46; 23 Am. St. Rep. 447; *People* v. *Feilen,* 58 Cal. 218; 41 Am. Rep. 258.)

Freeman & Bates, for Respondent Davis.

Appellants have no interest in the property partitioned, and ought not to be heard as appellants in this case, not being prejudiced by the judgment.   (*In re Blythe,* 108 Cal. 124; *Gates v. Salmon,* 46 Cal. 361, 375; *Pearson v. Creed,* 78 Cal. 144.)   Appellants, having set up a claim under Rising, are estopped to contest his ownership of the property.   (*Frink v. Roe,* 70 Cal. 305; *McDonald v. Hannah,* 59 Fed. Rep. 977; *Horning v. Sweet,* 27 Minn. 277; *Orton v. Noonan,* 19 Wis. 356; *Mickey v. Stratton,* 5 Saw. 475, 479; *Gaines v. New Orleans,* 6 Wall. 715; *Ames v. Beckley,* 48 Vt. 402; *Butcher v. Rogers,* 60 Mo. 140; *Spect v. Gregg,* 51 Cal. 200; *Gilliam v. Bird,* 8 Ired. 280, 283; 49 Am. Dec. 379; *Bolling v. Teel,* 76 Va. 493.)   Registration of the deeds was *prima facie* evidence of their delivery.   (Devlin on Deeds, sec. 292; *Moore v. Giles,* 49 Conn. 570; *Bensley v. Atwill,* 12 Cal. 231; *Green v. Green,* 103 Cal. 110; *Anthony v. Chapman,* 65 Cal. 76; Civ. Code, sec. 1055; *Ward v. Dougherty,* 75 Cal. 240; 7 Am. St. Rep. 151.)

McFARLAND, J.—This action was brought for a partition of land situated in the city and county of San Francisco, commonly known as South Beach block No. 26. It is averred in the complaint that the plaintiff is the owner of the undivided one-half of said property for the term of ninety-nine years; facts are averred tending to show that the defendant, the Pacific Improvement Company, is the owner of the other undivided one-half; and it is averred that the other defendants, who are quite numerous, claim some interest in the premises. The Pacific Improvement Company averred in its answer that it is the owner of the undivided one-half of said premises, and prays for a partition as asked by the plaintiff. The defendant Lawrence merely denies the averments of the complaint, and the other defendants set up title in severalty to various parts of the said premises, and deny that either the plaintiff or the said improvement company have any interest in any of the premises. The court below found by its interlocutory decree that the plaintiff was the owner of an undivided

one-half interest in the premises in controversy; that the defendant, the Pacific Improvement Company, is the owner of the other undivided one-half interest; and that neither of the other defendants has any right, title, or interest in the premises, or any part thereof.   All the defendants except the Pacific Improvement Company appeal from the judgment and from an order denying their motion for a new trial.

None of the parties were in possession of any part of the premises in contest except the Pacific Improvement Company, which took actual possession of all said premises in the year 1891 or 1892, and was in the actual possession at the time this suit was commenced.

The evidence showed that in 1851 the premises in contest here belonged to the city of San Francisco; that in said year one Peter Smith obtained judgment against the city of San Francisco for a large sum of money; that an execution was issued upon said judgment under which the property was sold by the sheriff to one George W. Daniels, and a deed made to him by the sheriff on the twenty-sixth day of June, 1851; that by mesne conveyances the title which Daniels received by virtue of said sheriff's deed was vested in one David B. Rising; that Rising, on March 30, 1853, conveyed the said premises by deed to James G. Hodgdon; and that the title thus conveyed to Hodgdon afterward vested—the undivided one-half in plaintiff Davis and the other undivided half in the said Pacific Improvement Company.   A great deal of the argument of appellants is to the point that the deed from the sheriff to George W. Daniels was so defective in description of the property intended to be conveyed as to be worthless as a conveyance of said block 26.   In the body of the deed the expression "lot 26" was used instead of "block 26"; but the returns of the sheriff on the execution were introduced by plaintiff without objection, and it is contended by plaintiff that the deed, together with said returns and certain other matters put in evidence, show that the deed clearly referred to block 26.   But we do not think it necessary to pass definitely upon this point, for all of the appellants who set up any right or title whatever to any of the premises in contest base their right under conveyances from said Rising, who was thus the common grantor of the appellants and the respondents.   If Rising had no title, then the appellants have

no interest in any of the premises involved, and are not concerned in the judgment.

Appellants contend that respondents show no title because there was no actual proof of a delivery of the deed from the sheriff to Daniels, or of the deed from Rising to Hodgdon, both of which deeds were recorded about forty years before the commencement of this suit. With respect to the deed of Daniels, a certified copy of which was offered in evidence, it would be sufficient to say that no objection to the introduction of said deed was made upon the ground that it was never delivered; and, as to the deed from Rising to Hodgdon, it is averred in the answers of the parties claiming any interest in the premises that said deed was delivered. Moreover, the copy of the record in each case was evidence sufficient, in the absence of contrary proof, to sustain a finding of the delivery of the deed. In *Anthony v. Chapman*, 65 Cal. 76, the court said: "The objection to the introduction of a duly certified copy of the record of a deed from Thomas Adams, Jr., to Robert J. Bell, 'on the ground that it was irrelevant and immaterial, and that there was no proof as to the genuineness, due execution, or delivery of the original deed,' was properly overruled. The authenticated copy of the record was *prima facie* evidence of the genuineness, due execution, and delivery of the original deed." The due recordation of a deed is certainly some evidence of its delivery, and after the lapse of many years is strong evidence; and in either case it is, when there is no evidence to the contrary, sufficient to establish the fact of delivery. If the law were otherwise it would be impossible in many cases to deraign title from a source at all remote. (See Devlin on Deeds, sec. 292, and cases there cited.)

Some of appellants offered in evidence a deed for part of the premises from said Rising and two other persons who were his copartners in business, executed subsequently to the said deed from Rising to Hodgdon; respondents objected to its introduction upon the grounds that it was incompetent, irrelevant, and immaterial, and that it appeared that Rising had no title at the date of said deed, he having before that parted with his title to Hodgdon; the objection was sustained, and it is contended that this ruling was erroneous. It was certainly not reversible error. If the deed had been admitted it would have been worthless, and its

admission in evidence would not in any way have changed the aspects of the case. It seems that at one time some of the appellants claimed that the deed from Rising to Hodgdon was void because made with intent to defraud creditors, and there are averments to that effect in some of the answers in the case at bar; but there was no evidence offered on that point, and it appears to have been definitely adjudicated against appellants in the case of *Frink v. Roe,* 70 Cal. 296.

We see no other points which call for discussion.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.